1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   ANDREW B. BELANT, AA4623,          )
                                        )
12              Petitioner,             )        No. C 14-3270 CRB (PR)
                                        )
13        vs.                           )        ORDER TO SHOW CAUSE
                                        )
14   HEIDI M. LACKNER, Warden,          )        (Dkt. #2)
                                        )
15              Respondent.             )
     ─────────────────────────────     )
16

17        Petitioner, a state prisoner incarcerated at Sierra Conservation Center in

18   Jamestown, California, has filed a pro se petition for a writ of habeas corpus

19   under 28 U.S.C. § 2254 challenging a conviction from Humboldt County

20   Superior Court.  Petitioner also seeks to proceed in forma pauperis under 28

21   U.S.C. § 1915.

22                              **BACKGROUND**

23        Petitioner was convicted by a jury of six counts of committing a lewd and

24   lascivious act on a child under the age of 14, four counts of forcible oral

25   copulation on a child under the age of 14, five counts of oral copulation on a

26   child under the age of 14, and two counts of possession of child pornography.

27   On July 6, 2009, he was sentenced to a determinate prison term of 29 years 4

28   months, and a consecutive indeterminate term of 60 years to life.

1    On August 15, 2011, the California Court of Appeal reversed one of the
2    counts, but affirmed the judgment of the trial court in all other respects.

3    On November 30, 2011, the Supreme Court of California denied review
4    "without prejudice to any relief to which defendant might be entitled after this
5    court decides People v. Villatoro, S192531."

6    On May 16, 2013, after the Supreme Court of California issued a decision
7    on People v. Villatoro, petitioner filed a petition for a writ of habeas corpus in the
8    state high court.  The petition was summarily denied on October 16, 2013.

9    On July 21, 2014, petitioner filed the instant petition for a writ of habeas
10   corpus under § 1983.

## DISCUSSION

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf
of a person in custody pursuant to the judgment of a State court only on the
ground that he is in custody in violation of the Constitution or laws or treaties of
the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show
cause why the writ should not be granted, unless it appears from the application
that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.    Claims

Petitioner seeks federal habeas corpus relief by raising several claims,
including instructional error, insufficiency of the evidence and cumulative error.
Liberally construed, the claims appear cognizable under § 2254 and merit an
answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir.
2001) (federal courts must construe pro se petitions for writs of habeas corpus
liberally).

2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     Petitioner's request to proceed in forma pauperis (dkt. #2) is GRANTED.

2.     The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3.     Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

/

3

1        5.      Petitioner is reminded that all communications with the court must

2  be served on respondent by mailing a true copy of the document to respondent's

3  counsel.  Petitioner must also keep the court and all parties informed of any

4  change of address.

5  SO ORDERED.

6  DATED:  Dec. 5, 2014

7                                CHARLES R. BREYER
                                  United States District Judge

G:\PRO-SE\CRB\HC.14\Belant, A.14-3270.osc.wpd

4